UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| :LEVI-D: MAST. and | ) |  |
|---|---|---|
| :MONTE-EDWIN: MUELLER., | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12 CV 403 |
|  | ) |  |
| JOHN M. PARRISH | ) |  |
| [INVESTIGATOR, PROSECUTORS | ) |  |
| OFFICE COUNTY OF LAGRANGE], | ) |  |
| J. SCOTT VANDERBECK, [JUDGE, | ) |  |
| LAGRANGE COUNTY CIRCUIT | ) |  |
| COURT], and | ) |  |
| JOHN DOE 1-100, | ) |  |
| Defendants.[1] | ) |  |

## OPINION AND ORDER

This matter is before the court on motions to dismiss the amended complaint (DE # 20) filed by defendants J. Scott Vanderbeck and John M. Parrish. (DE # 23; DE # 25.) Plaintiffs have not responded to the motions.

This action was initiated when plaintiffs Levi D. Mast and Monte Edwin Mueller (using the ordinary spelling of their names, not the stylized method in the complaint, which the court has attempted to reproduce in the caption above) filed a complaint (DE # 1) which, inclusive of attachments, comprises nearly two dozen pages of unintelligible gibberish.[2] Both defendants filed motions to dimiss that complaint, but

---

[1] The bracketed text after defendants' names is as in the complaint, not parenthetical information inserted by the court.

[2] The attachments, which began on CM/ECF page 12 of DE #1, appear to be from a state criminal action against plaintiff Mast and are not themselves unintelligible. They are covered with incomprehensible numerical annotations, however, the meaning of which is known only to plaintiffs.

because of plaintiffs' *pro se* status, Magistrate Judge Cosbey ordered them to file an amended complaint that complied with RULE 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, and gave them explicit notice that this action would be dismissed otherwise. Plaintiffs filed an amended complaint (DE # 20) a day after Judge Cosbey's deadline, which shortcoming is unimportant; leave to file instanter is *sua sponte* granted.

As an initial matter, the amended complaint no longer mentions defendant Parrish in its caption or, so far as the court can tell, in its body. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). As defendant Parrish points out in his motion to dismiss, this means that plaintiffs have elected to drop him from the action. *See Carver v. Condie,*169 F.3d 469, 472 (7th Cir. 1999). Defendant Parrish's motion to dismiss will be granted.

The amended complaint again names Judge Vanderbeck as a defendant. The amended complaint, however, is just as unintelligible as before, and again completely fails to comply with RULE 8(a). Not surprisingly, Judge Vanderbeck argues that it should be dismissed pursuant to RULE 12(b)(6) for failing to state a claim because of its unintelligibility; that it should be dimissed pursuant to RULE 12(b)(4) and (5) for insufficient process and insufficient service of process; and, last, that whatever claim(s) plaintiffs might be pleading, he is entitled to absolute judicial immunity.[3]

---

[3] The documents plaintiffs have attached to the amended complaint indicate that Judge Vanderbeck is presiding over plaintiff Mast's state criminal proceeding. (DE # 20 at 10.)

RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). RULE 8 establishes the pleading requirements for a complaint filed in federal court. RULE 8(a) states:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The amended complaint that has been filed is completely incoherent and unintelligible. As such, it fails to provide, in a short and plain statement of the claim, fair notice of the claim or the grounds upon which it rests, or to present any facts from which it can be inferred that either plaintiff is plausibly entitled to some form of relief due to actions taken by the defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory. A "plaintiff must give enough details about the subject-matter of the case to present a story that

3

holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the court is unable even to determine what story plaintiffs are attempting to tell through their assertions.

[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); see also *Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service."). Thus, in addition to granting defendant Judge Vanderbeck's Rule 12b)(6) motion, this action will also be dismised as to defendants John Doe 1-100. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable.").

Fot the foregoing reasons, the motions to dismiss filed by defendant Parrish (DE # 23) and defendant Vanderbeck (DE # 25) are **GRANTED**; the action is dismissed as to all John Doe defendants; and all remaining motions (DE # 4; DE # 13; DE # 21) are terminated as moot. All dismissals are without prejudice. Clerk to enter final judgment.

**SO ORDERED.**

Date: April 30, 2013

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT